Filed 5/16/14  Toler v. Gordon CA1/5
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| **JOEL THOMAS TOLER,** | |
| **Plaintiff and Appellant,** | **A136032** |
| **v.** | |
| **DONALD GORDON et al.,** | **(Solano County** |
| **Defendants and Respondents.** | **Super. Ct. No. FCS035803)** |

MEMORANDUM OPINION[*]

Joel Thomas Toler appeals from a judgment entered on a jury verdict rendered in favor of respondents Donald and Terry Gordon.[1]  The jury awarded the Gordons $150,000 in compensatory damages on claims of malicious prosecution, intentional infliction of emotional distress, and assault.  It also found Toler had engaged in the tortious conduct with malice, oppression, or fraud and awarded respondents $300,000 in punitive damages.  Toler claims on appeal that: (1) the Gordons failed to prove elements of their causes of action; (2) the evidence did not justify the amounts of compensatory

---

[*] We resolve this case by a Memorandum Opinion pursuant to California Standards of Judicial Administration, Standard 8.1.

[1] We use the name Gordon to refer to respondents.  Although they were sued as Donald and Terry Compton, their brief tells us this was erroneous.  It appears that Terry Gordon's maiden name is Compton.  We will therefore refer to the Gordons as they refer to themselves.

1

and punitive damages; and (3) the conduct of respondents' trial counsel was prejudicial to his case.[2]

The record in this case is sparse. The clerk's transcript contains only a copy of the judgment, the jury's verdicts, Toler's notice of motion and motion for judgment notwithstanding the verdict (JNOV), a minute order, the notice of appeal, appellant's designation of record, the trial court's order denying Toler's motion for JNOV, and the register of actions. We have none of the parties' pleadings, none of the parties' in limine motions, and none of the exhibits introduced at trial. We do have a reporter's transcript of the trial proceedings. It is from this very limited record that we must glean the facts of this case.

Insofar as we can discern, Toler initially brought an action against Donald and Terry Gordon. From the register of actions, he appears to have sought damages for tortious interference with a contractual relationship, defamation, and assault and battery. The Gordons filed a cross-complaint for malicious prosecution, intentional infliction of emotional distress, and assault. On the eve of trial, Toler voluntarily dismissed his complaint with prejudice, and the matter proceeded to trial on the Gordon's cross-complaint.

The events giving rise to the cross-complaint began in 2008, when Toler, a bail agent, contacted the Gordons in connection with a small claims court summons issued to a man named Thomas Hughes. Hughes had signed a bond contract for one of his co-workers, Jeffery Colon-Moore. The latter failed to appear at a court hearing, and a forfeiture notice was issued. Toler appears to have sued Hughes on the bond in small claims court, and he sought to serve process on Hughes at the Gordons' address. After the summons arrived, Terry Gordon spoke to Toler by phone and told him the man summoned did not live there.

Toler later went to the Gordons' home looking for Colon-Moore. Toler was armed, refused to leave when asked, and made threats that placed the Gordons in fear for

---

[2] Toler was unrepresented by counsel in the court below and is unrepresented on appeal. The Gordons had counsel below but are proceeding in propria persona in this court.

their safety.  Terry Gordon called 911, and at some point thereafter Toler was arrested. Toler then sued the Gordons, but he dismissed the case after the Gordons agreed to appear at a deposition.  Toler filed a second lawsuit against the Gordons in May 2010, and it appears to have been substantially similar to the previously dismissed suit.[3]  It is this action that Toler dismissed just before trial in this matter began.

At the close of the evidence in the case, Toler moved for a directed verdict, arguing that the Gordons had failed to produce sufficient evidence in support of their causes of action.  The trial court denied the motion, and the jury found in the Gordons' favor, awarding both compensatory and punitive damages.  Toler moved for JNOV, and according to the register of actions, the Gordons filed an opposition that is not part of the record on appeal.  No one appeared for the hearing on the motion, and the trial court denied it.  Toler then filed this appeal.

Toler contends the Gordons failed to prove elements of their causes of action. This is essentially a claim that substantial evidence does not support the jury's verdict. We reject this argument for several reasons.  First, error is never presumed, and it is Toler's burden to provide a record that is adequate to demonstrate prejudicial error.  (See, e.g., *Osgood v. Landon* (2005) 127 Cal.App.4th 425, 435.)  " 'A necessary corollary to this rule [is] that a record is inadequate, and appellant defaults, if the appellant predicates error only on the part of the record he provides the trial court, but ignores or does not present to the appellate court portions of the proceedings below which may provide grounds upon which the decision of the trial court could be affirmed.' [Citation.]" (*Ibid*.) Toler has not provided us with the exhibits introduced at trial, and we must presume that those documents would provide some support for the jury's verdict.  (See *Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 187 [in absence of contrary showing, reviewing court presumes that if any matters could have been presented to support challenged order, such matters were presented].)

---

[3] Although copies of Toler's complaints against the Gordons were introduced at trial, they are not part of the record on appeal.

3

Second, Toler's opening brief is little more than an attempt to reargue the evidence presented to the jury. This "misapprehends our role as an appellate court. Review for substantial evidence is not trial de novo." (*OCM Principal Opportunities Fund, L.P. v. CIBC World Markets Corp.* (2007) 157 Cal.App.4th 835, 866.) We do not weigh the evidence, but rather accept as true all evidence most favorable to respondents while discarding as lacking in verity evidence unfavorable to them. (*Ibid.*)

Moreover, even on this limited record, it appears there is substantial evidence to support the jury's verdict on the Gordons' causes of action. On their claim for assault, Toler contends he did nothing to threaten the Gordons, but he conceded below that his conduct "certainly [was] intimidation." The testimony of the Gordons, which we have outlined above, provided sufficient evidence for the jury to find the tort of assault had been committed. (See CACI No. 1301.)

Turning to the malicious prosecution cause of action, Toler's claim that the question of probable cause was a legal one for the trial court to resolve is simply incorrect, as shown by the case he cites in support of it. In *Sheldon Appel Co. v. Albert & Oliker* (1989) 47 Cal.3d 863, the California Supreme Court explained that "when . . . *there is no dispute as to the facts* upon which an attorney acted in filing the prior action, the question whether there was probable cause to institute the prior action is purely a legal question, to be determined by the trial court on the basis of whether, as an objective matter, the prior action was legally tenable or not." (*Id.* at p. 868, italics added.) The facts in this case are not undisputed. Toler also argues that the action on which the Gordon's malicious prosecution claim was based did not terminate in the Gordons' favor, and the termination did not reflect on the merits of the action. But the record does not contain enough information for us to determine either the precise nature of that action or the terms of its dismissal. Since it is Toler's burden to provide a record sufficient to demonstrate error, this claim must fail. (*Osgood v. Landon, supra,* 127 Cal.App.4th at p. 435.)

Toler asserts the Gordons failed to establish his conduct was sufficiently outrageous to sustain a claim for intentional infliction of emotional distress. Liability has

4

been imposed, however, for conduct that is certainly no more egregious than that presented here. (See *Marlene F. v. Affiliated Psychiatric Medical Clinic, Inc.* (1989) 48 Cal.3d 583, 593-594 [collecting illustrative cases].) And it was for the jury to determine whether the Gordons had suffered severe emotional distress. (*Rulon-Miller v. International Business Machines Corp.* (1984) 162 Cal.App.3d 241, 254.)

Toler further contends there is insufficient evidence to support the award of damages. This is an issue on which we must give considerable deference to the jury. (*Pool v. City of Oakland* (1986) 42 Cal.3d 1051, 1067.) The jury appears to have awarded a considerable portion of the damages for the Gordons' emotional distress. The Gordons testified they had suffered very significant emotional distress from both the lawsuits and the incident during which Toler came to their home. Since there is no fixed standard by which to compute the monetary value of emotional distress, we cannot say as a matter of law that the jury's award was excessive. (*Id.* at pp. 1067-1068 & fn. 17.)

Toler argues the conduct of respondents' trial counsel prejudiced him. We have reviewed the portions of the reporter's transcript at which this alleged misconduct is said to have occurred, and it does not appear Toler ever objected to the actions of respondents' counsel. By failing to object, Toler has forfeited this argument on appeal. (E.g., *Whitfield v. Roth* (1974) 10 Cal.3d 874, 891-892 [argument about alleged misconduct of opposing trial counsel forfeited where no objection made below].) Toler also complains about entirely proper trial tactics, such as the use of his deposition for impeachment purposes. (See Code Civ. Proc., § 2025.620, subd. (a) ["Any party may use a deposition for the purpose of contradicting or impeaching the testimony of the deponent as a witness"].)

DISPOSITION

The judgment is affirmed. Respondents shall recover their costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1), (2).)

 

                                       _____

                                       Jones, P.J.

We concur:

_____

Simons, J.

_____

Bruiniers, J.